UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-574-FDW

| NEAL ALVIN POWELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| MECKLENBURG COUNTY SHERIFF'S DEPARTMENT; MECKLENBURG COUNTY, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983, and Plaintiff's application to proceed *in forma pauperis*.[1]

## I. BACKGROUND

Plaintiff alleges that on December 11, 2011, while he was detained in a Mecklenburg County jail in this district, he was assaulted by a "D.A.R.T." team and sustained serious physical injury. Plaintiff contends that the assault was occasioned by the Mecklenburg County Sheriff's Department failure to properly train its employees and he is seeking $750,000 in monetary damages. (3:14-cv-574, Doc. No. 1: Complaint).

After his complaint was filed, an order was entered which required Plaintiff to present proof that he had exhausted his available administrative remedies in an effort to challenge the alleged assault and failure to train. (Id, Doc. No. 3). In response to this order, Plaintiff filed a "Verified Statement", which he executed under penalty of penalty of perjury, indicating that the

---
[1] The Court has examined Plaintiff's affidavit in support of his application and finds that he does not have sufficient funds from which to prepay the costs of this civil action. Plaintiff's motion to proceed *in forma pauperis* will therefore be allowed.

1

alleged assault occurred in the Mecklenburg County jail and that because he is now housed in a federal penitentiary, he does not believe that he has any available administrative remedies. However, Plaintiff does not contend that there were no grievance procedures that were maintained by the Mecklenburg County Sheriff's Office at the time of the alleged assault and prior to filing his complaint. (Id., Doc. No. 4).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

According to his complaint, Plaintiff was detained in the Mecklenburg County jail at the time of the alleged beating. Plaintiff was therefore bound to abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions

2

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

Plaintiff avers that he does not believe he had any available administrative remedies prior to filing his complaint but this is plainly not the case. Plaintiff alleges this assault occurred in December 2011, while in has detained in a Mecklenburg County jail which is under the control and supervision of the Mecklenburg County Sheriff's Office.

On or about May 23, 2011, Plaintiff was served with a federal warrant which alleged three charges of bank robbery in this district, and Plaintiff was arrested that same day and detained in the Mecklenburg County jail. On July 15, 2011, Plaintiff pleaded guilty to the charges before U.S. Magistrate Judge David S. Cayer, and he was sentenced on August 28, 2012, and his criminal judgment was filed on October 1, 2012. (3:11-cr-139-RJC-1, Doc. No. 13: Presentence Investigation Report (Sealed) at 1; Doc. Entry, Aug. 28, 2012: Sentencing; Doc. No. 18: Judgment). Thus, Plaintiff was in the Mecklenburg County jail from May 23, 2011 until at least October 2012.

The Mecklenburg County Sheriff's Office publishes an "Inmate Handbook" that explains and governs its internal grievance policy.[2] In its introduction, it is stated that this "handbook outlines all rules and procedures to be followed during your incarceration in the Mecklenburg County Jail facilities." Inmate Handbook at 2. On page 15 of this handbook, it is explained that an inmate "**must first advise your POD Supervisor**" if you have any questions or concerns. (bold in original). The handbook further provides that grievance forms should be utilized for perceived violations of the "Policies and Procedures" of the Sheriff's Office or violations of constitutional rights. If it is recommended that a grievance be denied on initial review, an inmate is provided one level of appeal which must be made within 72 hours of receipt of the outcome of the initial review, exclusive of weekends and holidays.

---

[2] http://mcsowebsvr.co.mecklenburg.nc.us/mecklenburg/handbook.asp

In sum, Plaintiff's contention that he could not participate in, and exhaust his available administrative remedies while in the Mecklenburg County jail, and prior to his transfer to federal prison and filing his complaint, cannot serve to excuse his failure to comply with the mandatory requirements of exhaustion as provided for in the PLRA because the Mecklenburg County Sheriff's maintained a grievance procedure, but Plaintiff simply failed to participate in it. See Jones, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). See also Jackson v. Studel, 3:10-CV-177-MU-02, 2010 WL 1689095, at *2 (W.D.N.C. Apr. 26, 2010) (explaining that transfer between prisons does not excuse compliance with the PLRA) and (quoting Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit.").

Finally, Plaintiff's motion to amend his complaint will be dismissed. (3:14-cv-574, Doc. No. 5). The Court has not ordered that service of process be issued in this case so Plaintiff may amend his complaint as a matter of right. See Fed. R. Civ. P. 15. In his motion to amend, Plaintiff fails to include any information regarding his participation in the administrative grievance process while he was detained in the Mecklenburg County jail and before he was transferred and filed his complaint. Accordingly, the information contained in his motion to amend and supporting affidavit have no impact on the initial review of his complaint.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint and his complaint will therefore be dismissed.

**IT IS, THEREFORE ORDERED** that:

1.  Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

2. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. 2).

3. Plaintiff's motion to amend is **DISMISSED**. (Doc. No. 5).

4. Plaintiff's motions for a preliminary injunction, (Doc. No. 6), and an order to show cause, (Doc. No. 7), are **DENIED**.

**IT IS SO ORDERED**.

The Clerk of Court is directed to close this civil case.

Signed: November 4, 2014

Frank D. Whitney
Chief United States District Judge